PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Alpha motor home struck a barrel on 1-68 East near Coopers Rock, Preston County. 1-68 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 8:30 a.m. on April 22, 2008. Claimant was driving in the left lane of 1-68 East at approximately thirty-five miles per hour when his vehicle struck a loose barrel. Claimant testified that respondent’s employees were on the highway repairing a bridge at this location, and there were barrels blocking the right lane of traffic. Claimant saw the barrel rolling to the left and he maneuvered his vehicle to the right in an effort to avoid this hazard, but the left side of his vehicle struck the barrel. Claimant stated that he could not have avoided striking the barrel with his vehicle because there was an oncoming truck traveling between seventy-five to one hundred yards in front of his motor home. As a result of this incident, claimant’s vehicle sustained damage in the amount of $8,774.60. Since claimant’s insurance deductible was $1,000.00, claimant’s recovery is limited to that amount.
The position of respondent is that it did not have actual or constructive notice of the loose barrel on 1-68 East. Ronny Burge, 1-68 Supervisor for respondent, testified that respondent had closed a lane of traffic at this location in order to patch the road and repair an expansion beam on the bridge. According to Mr. Burge, respondent’s employees were not working at the site at the time of this incident. Mr. Burge stated that shortly after the incident, he arrived on the scene and removed the barrel that was lodged under claimant’s motor home. Then, a prison crew that assists with road maintenance, came to the scene to reset the barrels that had been knocked down. Mr. Burge stated that between three and four barrels were detached from their bases.
*78 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the barrel which claimant’s vehicle struck on 1-68 East. The Court finds that the plastic barrel was not adequately secured to its base. Since the loose barrel was the proximate cause of the damages sustained to claimant’s vehicle, the Court finds that respondent was negligent.
It is the opinion of the Court of Claims that the claimant should be awarded the sum of $1,000.00 in this claim.
Award of $1,000.00.